**BURNS MOTORS, INC., Assignee of Leroy Nash, Individually and d/b/a Nash and Associates, Appellant,**

v.

**GULF INSURANCE COMPANY and Select Insurance Company, Appellees.**

No. 13–97–557–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 3, 1998.

Rehearing Overruled Oct. 8, 1998.

---

812 ■

Rex N. Leach, Atlas & Hall, McAllen, for Appellant.

Robert J. Sigler, Clay E. Coalson, Carlos A. Mattioli, Meredith, Donnell & Abernethy, Corpus Christi, Cesar Ricardo Perez, McAllen, for Appellees.

Before SEERDEN, C.J., and YANEZ and RODRIGUEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Burns Motors, Inc., as assignee of Leroy Nash, appeals from a summary judgment denying its claim against Gulf Insurance Company and Select Insurance Company to recover indemnity for the amount of an underlying judgment that Burns had been awarded against Nash. We reverse and remand.

Burns purchased liability insurance on its automobile dealership from Gulf and Select through their insurance agent, Leroy Nash. In the original lawsuit, Burns sued Nash for misrepresenting the nature of that insurance coverage and the losses that resulted from uncovered claims against Burns, and the trial court in that lawsuit granted judgment for Burns. Nash then assigned to Burns any rights he may have to reimbursement from Gulf and Select under their agency agreement. By the present lawsuit, Burns, as Nash's assignee, sought to recover indemnity from Gulf and Select on the amounts that Nash must pay to Burns under the first judgment. Gulf and Select moved for summary judgment and the trial court rendered a take-nothing summary judgment in their favor.

By its first point of error, Burns complains that the trial court erred in granting summary judgment without a hearing and twenty-one days' notice.

■ Texas Rule of Civil Procedure 166a(c) requires that the summary judgment motion and supporting affidavits be filed and served at least twenty-one days before the hearing. Because summary judgment is a harsh remedy, we strictly construe the twenty-one day time limit. *Luna v. Estate of Rodriguez,* 906 S.W.2d 576, 582 (Tex.App.—Austin 1995, no writ); *Wavell v. Caller–Times Pub. Co.,* 809 S.W.2d 633, 637 (Tex.App.—Corpus Christi 1991, writ denied).

Select and Gulf first moved for summary judgment on April 8, 1996, on the grounds that Burns was not entitled to contribution, that the agency agreement did not provide for indemnity and that no common law right to indemnity existed. The trial court heard and denied that motion on June 6, 1996. On January 6, 1997, Gulf and Select moved the trial court to rehear their motion for summary judgment, and the trial court signed a February 13th order granting a rehearing on the motion for summary judgment, which was then heard on March 21st.

■ As the trial court has inherent authority to change or modify any interlocutory order, it may properly grant summary judg-

ment after having previously denied it. *H.S.M. Acquisitions, Inc. v. West,* 917 S.W.2d 872, 876–77 (Tex.App.—Corpus Christi 1996, writ denied); *R.I.O. Systems, Inc. v. Union Carbide Corp.,* 780 S.W.2d 489, 492 (Tex.App.—Corpus Christi 1989, writ denied). In the present case, however, the trial court did not immediately grant summary judgment in favor of Gulf and Select after the rehearing.

Gulf and Select afterward filed on May 15th a "Motion for Final Judgment" by which they argued that final summary judgment should be entered for the additional reasons that the original judgment against Nash could not be used as evidence, and that the assignment of Nash's claims to Burns violated public policy. Burns complains that the May 15th motion was then decided without a hearing or proper notice.

The trial court signed a final summary judgment on June 10, 1997, reciting as follows:

> On this day, came to be heard, Defendants Gulf Insurance Company and Select Insurance Company's Motion for Final Summary Judgment.

> After considering the Motion, and previous rulings of the Court, this Court renders Final Summary Judgment that Burns Motors, Inc., as assignee of Leroy Nash, individually and d/b/a Nash & Associates, take nothing on all claims and causes of action which it has brought in this case.

> Court costs to be borne by Plaintiffs.

> All relief not expressly granted herein is denied.

Accordingly, although the court purported to hear the May 15th motion on the day it rendered judgment, the trial court also based its final summary judgment on consideration of "previous rulings of the Court," which included the reheard original motion for summary judgment.

■ While we acknowledge that a substituted or amended motion for summary judgment supersedes and supplants the previous motion, which may no longer be considered, *see State v. Seventeen Thousand and No/100 Dollars U.S. Currency,* 809 S.W.2d 637, 639 (Tex.App.—Corpus Christi 1991, no writ), in the present case, it is clear that the subsequent Motion for Final Judgment was intended to supplement, rather than replace, the original motion for summary judgment with additional reasons for summary judgment.

■ Therefore, the original motion for summary judgment remained before the trial court on rehearing and, if there are any grounds in the original motion that support summary judgment for Gulf and Select, then we assume that the trial court correctly granted summary judgment on those grounds. *See Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 79 (Tex.1989); *H.S.M.,* 917 S.W.2d at 878.

Because there are grounds in the original motion for summary judgment on which the trial court may have granted summary judgment in favor of Gulf and Select and which were presently pending determination by the trial court after rehearing of the original motion, we conclude that it was not error for the trial court to have granted summary judgment by its June 10th order, regardless of whether the May 15th Motion for Final Judgment was properly heard as well on that date. We overrule Burns' first point of error.

■ Burns' remaining points of error contend that there are material fact issues which preclude summary judgment. A party moving for summary judgment has the burden of establishing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether disputed material fact issues preclude summary judgment, evidence favorable to the nonmovant is taken as true; every reasonable inference is indulged in favor of the nonmovant and any doubt is resolved in his favor. *Nixon,* 690 S.W.2d at 548–49. However, a defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995); *Rodriguez v. Klein,* 960 S.W.2d

179, 182 (Tex.App.—Corpus Christi 1997, no writ).

By its fourth point of error, Burns contends that a material question of fact exists as to whether it, as assignee of Nash, may be entitled to indemnity under Nash's agency agreement.

That Agency–Company Agreement provides, in pertinent part, for indemnification by Gulf/Select under the following conditions:

A. Company shall indemnify and hold harmless Agent against any claims or liabilities Agent may become obligated to pay to or in behalf of any insured based on actual or alleged error of Company in its processing or handling Direct Billed or any other business placed by Agent with Company, except to the extent Agent has caused, contributed to or compounded such error.

The agreement also contains indemnification provisions for violations of the federal Fair Credit Reporting Act and for reasonable expenses incurred in connection with the investigation and defense of liability for indemnification generally.

By its Plaintiff's Original Petition, Burns alleged that Nash became obligated to pay the amount of the initial judgment as a result of Gulf and Select's "errors in the handling and processing of claims filed by Burns." Accordingly, Burns sued Gulf and Select for some $250,000 awarded against Nash in the judgment.

A review of the judgment attached to the petition shows that Nash was found liable to Burns for his prior misrepresentations concerning the coverage of liability insurance policies to be purchased from Gulf and Select. In addition, the judgment also represents, and Nash's affidavit states, that he made those misrepresentations to Burns based on Gulf and Select's representations to him that the policies in question would cover such claims. Therefore, Burns claims that Gulf and Select's alleged misrepresentation of coverage to Nash is a processing or handling error under the indemnity clause. However, Gulf and Select argue that liability ultimately caused by Nash's own misrepresentations cannot reasonably be interpreted as a processing or handling error by them under the agreement.

Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *Coker v. Coker,* 650 S.W.2d 391, 394 (Tex.1983). A contract is ambiguous when its meaning is uncertain and doubtful or it is reasonably susceptible to more than one meaning. *Id.* at 393.

In addition, it is a general principle in the interpretation of indemnity agreements that a party seeking indemnity from the consequences of that party's own negligence or fault must express that intent in specific terms within the four corners of the contract. *See Dresser Industries, Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 508 (Tex.1993); *Ethyl Corp. v. Daniel Const. Co.,* 725 S.W.2d 705, 708 (Tex.1987); *Fisk Elec. Co. v. Constructors & Associates, Inc.,* 888 S.W.2d 813, 814 (Tex.1994).

The present policy does specifically indemnify Nash for liability based on Gulf and Select's errors in handling business placed by Nash with them, except to the extent that Nash caused, contributed to or compounded such error. We conclude that Gulf and Select's alleged error in misrepresenting coverage questions to Nash that were then passed on to Burns as a potential purchaser could well amount to an error in handling business by Gulf and Select. Moreover, the fact that Nash merely passed on the misrepresentation to Burns does not necessarily mean that he caused, contributed to, or compounded the error, or that the error was ultimately due to Nash's own negligence or fault. The indemnity clause in the agency agreement is uncertain and doubtful as to whether the parties intended for indemnity to extend to the circumstances of the present case.

When a contract contains such an ambiguity, the granting of a motion for summary judgment is improper because the interpretation of the instrument becomes a fact issue. *Coker,* 650 S.W.2d at 394 (Tex.1983); *see also Harris v. Rowe,* 593 S.W.2d 303, 306 (Tex.1980). Accordingly, we conclude that a fact question remains whether the agency

agreement provides for reimbursement of the amount of the judgment against Nash. We sustain Burns' fourth point of error.

■ By its second point of error, Burns contends that a fact issue exists as to whether there was a good faith assignment of the cause of action from Nash to Burns, which was not invalidated as being against public policy.

Gulf and Select argued as an alternate ground for summary judgment in their original motion that the assignment of the indemnity claim from Nash to Burns was collusive and against public policy.

■ The free alienation of causes of action is the general rule, but public policy may still invalidate certain assignments. *See State Farm Fire and Cas. Co. v. Gandy*, 925 S.W.2d 696, 707 (Tex.1996); RESTATEMENT (SECOND) OF CONTRACTS § 317(2)(b) (1981). Among those assignments generally held invalid is a defendant's assignment of his claims against his insurer to the plaintiff if: (1) it is made prior to an adjudication of plaintiff's claim against defendant in a fully adversarial trial, (2) defendant's insurer has tendered a defense, and (3) either (a) defendant's insurer has accepted coverage, or (b) defendant's insurer has made a good faith effort to adjudicate coverage issues prior to the adjudication of plaintiff's claim. *Gandy*, 925 S.W.2d at 714.

Although *Gandy* is generally limited to assignment of claims against the defendant's insurer, it also discussed similar assignments that do not involve insurance. Specifically, *Gandy* agreed with this Court's holding in *H.S.M. Acquisitions, Inc. v. West*, 917 S.W.2d 872 (Tex.App.—Corpus Christi 1996, writ denied), that public policy invalidates an assignment to the plaintiff of defendant's claims against a non-insurer third-party when that assignment precedes an agreed judgment that increases the complexity of the litigation, unduly distorts the posture of the litigation, and misaligns the parties by placing the original defendant on the same side as the original plaintiff. *See Gandy*, 925 S.W.2d at 715; *H.S.M.*, 917 S.W.2d at 881.

In the present case, although Gulf and Select are both insurance companies, the claims which were assigned by Nash to Burns arose out of an agency agreement rather than an insurance policy. Accordingly, we apply the analysis of *H.S.M.* to non-insurance assignments, rather than the test applied in *Gandy* to the assignment of an insurance claim.

Assignment in the present case occurred after the judgment had already been taken against Nash. Accordingly, there does not initially appear to be any obstacle to the assignment. However, the present record shows that, even before the assignment, Nash failed to oppose Burns' claims and agreed to the judgment against him. Therefore, Gulf and Select argue that, in the absence of a fully adversarial trial before the present assignment was made, this case should be treated the same as the pre-judgment assignments invalidated by *Gandy* and *H.S.M. See Gandy*, 925 S.W.2d at 714.

The transcript of the hearing on the original claim by Burns against Nash reveals that Nash admitted responsibility for his representations of coverage and resulting damages and consented to the judgment against him. In a later deposition, Nash testified that, after the judgment had been taken against him, he contacted Burns to ask how he could get out of liability. Burns then suggested, and Nash agreed to, an assignment of the present indemnity claims in exchange for a covenant not to execute the judgment against him.

Assuming the truth of Nash's testimony, he acknowledged the claims against him by Burns because he believed that they were valid and he chose to take responsibility for his own misrepresentations. Only later did Nash and Burns agree to an assignment of Nash's right to seek indemnity from Gulf and Select for having made the initial misrepresentations.

Unlike the *H.S.M.* settlement and agreed judgment, wherein damages were patently inflated and the terms of the judgment itself revealed the primary intent to be the pursuit of the third-party indemnity action, there is nothing in the present record to show that the judgment against Nash or the damages awarded therein were by their very terms

collusive or unreasonable. *See H.S.M.*, 917 S.W.2d at 880–81.

Moreover, the agreed judgment in the present case did not increase the complexity of the litigation. Gulf and Select's liability under the indemnity agreement is based on relatively simply issues involving their representations of coverage to Nash and whether such conduct is subject to the indemnification provisions of the agency agreement. If liability is found, damages are generally liquidated based on the amounts of the prior judgments against Burns which were not covered by insurance as represented.

Finally, there is no undue distortion or misalignment of parties in the present case, because the nature of the claims to be tried against Select and Gulf do not involve merely the conduct of Nash, as now aligned with Burns, but the affirmative misrepresentations made by Gulf and Select to Nash and indirectly to Burns.

We conclude that there is no public policy obstacle to the assignment of Nash's claims against Gulf and Select to Burns. We sustain Burns' second point of error.

By its third point of error, Burns contends that a fact issue exists as to whether it is entitled to damages under the indemnification agreement separate and apart from those evidenced by the judgment against Nash. The only specific challenge to the use of that judgment as evidence against Gulf and Select was untimely raised in the May 15th Motion for Final Judgment, and thus was not properly before the trial court on summary judgment. Therefore, Burns' right to indemnification of the amounts awarded by that judgment remains as a fact issue precluding summary judgment and we need not decide whether indemnification would otherwise exist. Accordingly, we do not address Burns' third point of error. *See* TEX. R.APP. P. 47.1.

We conclude that the trial court erred in granting summary judgment because material fact issues exist. We REVERSE the judgment of the trial court and REMAND

this case for further proceedings consistent with this opinion.