Jo Marie MALONE, Individually and as Next Friend of Stephanie N. Malone, Laura E. Malone and Audra L. Malone, Minors; Pauline Edwards, as Next Friend of Cedric Edwards, a Minor; and E.D. Malone, Margaret Malone, and Lakesha Machelle Rogers, Appellants,

v.

ELLIS TIMBER, INC., Appellee.

No. 09–97–315CV.

Court of Appeals of Texas,
Beaumont.

Submitted Feb. 25, 1999.

Decided April 29, 1999.

Rehearing Overruled May 27, 1999.

Les Chambers, Lufkin, Jeff B. Badders, Badders & Badders, Nacogdoches, Jeff L. Rose, John E. Kinney, Strasburger & Price, Austin, for appellants.

Robert T. Cain, Jr., Robert Alderman, Jr., Linda O. Poland, Zeleskey, Cornelius, Hallmark, Roper & Hicks, Lufkin, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

This is a wrongful death suit arising out of a motor vehicle accident. A timber

truck owned and driven by McKenzie Fields struck an overpass where State Highway 103 passed under a Southern Pacific Transportation Company overpass. A dislodged log struck the windshield of a following vehicle, fatally injuring Earl D. Malone. The appellants, Jo Marie Malone, acting individually and as next friend of Stephanie N. Malone, Laura E. Malone and Audra L. Malone, minors; Pauline Edwards, as next friend of Cedric Edwards, a minor; and E. D. Malone, Margaret Malone, and Lakesha Machelle Rogers (collectively referred to as "Malone" in this opinion), filed a wrongful death suit against Fields, Southern Pacific Transportation Company, and Ellis Timber, Inc. At the time of the accident, Fields was en route to a mill operated by Temple-Inland Forest Products Corporation, where Fields sold timber for credit to Ellis's account with Temple-Inland. The trial court granted Ellis's motion for summary judgment and severed the claims against Ellis from the remainder of the suit. The appellants present the following issue:

The Trial Court erred in granting summary judgment for Ellis because:

A. There is a Genuine Issue of Material Fact with Regard to Appellants' Respondeat Superior Cause of Action;

B. There is a Genuine Issue of Material Fact with Regard to Appellants' Negligent Hiring/Employment Claim;

C. There is a Fact Question Regarding Appellants' Non–Delegable Duty Claim;

D. There are Genuine Issues of Material Fact Regarding Appellants' Joint Venture, Partnership, and Contractual Relationship Claims;

E. The District Court's Order Granting Ellis' Motion for Summary Judgment was in Error because that Motion was superseded by the Amended Motion for Summary Judgment of Ellis Timber, Inc.

■ Malone seeks to impose vicarious liability upon Ellis for the tortious acts of Fields. In determining whether a principal is vicariously responsible for the conduct of an agent, the key question is whether the principal has the right to control the agent with respect to the details of that conduct. *State Farm Mut. Auto. Ins. Co. v. Traver*, 980 S.W.2d 625, 627 (Tex.1998)(citing *Newspapers, Inc. v. Love*, 380 S.W.2d 582, 590 (Tex.1964)). Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment, although the principal or employer has not personally committed a wrong, because the employer has the right to control the means and methods of the employee's work. *Baptist Memorial Hosp. System v. Sampson*, 969 S.W.2d 945, 947 (Tex.1998). Liability may be imposed upon one who hires an independent contractor if the employer retained a right of control over the contractor's work and did not use reasonable care in exercising that control. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985). The employer's duty is commensurate with the control it retains over the contractor's work. *Hoechst–Celanese Corp. v. Mendez*, 967 S.W.2d 354, 357 (Tex.1998).

■ Malone contends Ellis failed to disprove Ellis retained a right of control over Fields's work. Deposition excerpts attached to the motion for summary judgment include testimony describing the business arrangement between Ellis Timber and McKenzie Fields. According to Fields, Fields located and cut his own tracts of timber, which he transported to mills in his own tractor-trailer rig. Often, but not exclusively, Fields would gain access to the mill by using a card issued by the mill to Ellis. According to Larry Ellis, the president of Ellis Timber, Ellis had a contract to sell wood to Temple–Inland. Fields never hauled timber from tracts cleared by Ellis. Ellis would buy Fields's timber at the mill. Temple–Inland paid Ellis, who charged Fields $1 per ton and paid the remainder to Fields. Ellis testi-

fied he could have imposed conditions on Fields, but that he never did.

Malone argues this evidence is insufficient to support a summary judgment because Ellis and Fields are both interested witnesses. Ellis and Fields are interested witnesses, but their testimony could have been controverted. *See* TEX.R. CIV. P. 166a (c). The logs being hauled at the time of the accident came from a tract of land owned by Gary Cowart. Had Ellis contracted to clear Cowart's land, or had Fields cleared the land as Ellis's employee, that information could have been elicited from Cowart. Malone could have secured testimony regarding Ellis's business arrangements and practices from Ellis's or Fields's records or from the other timbermen Ellis identified by name.

■ Fields worked independently of Ellis and Ellis did not control the details of Fields's work. In cases extending vicarious liability to one who hires an independent contractor, the duty emanates from control retained over the details of the work from which the injury arises. *See Read v. Scott Fetzer Co.*, 1999 WL 2560 (Tex. December 31, 1998)(not yet reported)(employer required sales be made door-to-door in case where salesperson assaulted homeowner); *compare Hoechst–Celanese Corp. v. Mendez*, 967 S.W.2d at 358 (premises owner that issued safety guidelines and made inspections owed duty only that its precautions not unreasonably increase the probability and severity of injury); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 528 (Tex.1997) (general contractor will be liable for injuries of an independent contractor's employee only if it exercised supervisory control over the injury causing activity). Ellis and Fields had no written contract, and, although there is evidence of a potential right of control, Ellis did not retain a right of control and never exercised any actual control over Fields. The nexus between them exists only at the point of sale at the lumber mill, and involves the purchase and sale of timber, not its harvesting or transportation. Ellis established as a matter of law that Fields was neither Ellis's employee nor an independent contractor over whom Ellis retained control of the manner in which timber was transported to the mill.

■ Malone argues Ellis failed to negate the allegations that Ellis was negligent in hiring Fields. An owner can be liable for the negligent hiring of an independent contractor when the employer's negligence in hiring the independent contractor is the proximate cause of the plaintiff's injuries. *LaBella v. Charlie Thomas, Inc.*, 942 S.W.2d 127, 137 (Tex.App.—Amarillo 1997, writ denied). This is a theory of direct, not vicarious, liability. Malone argues that if Ellis had investigated Fields's background, it would have discovered Fields had eight convictions for driving while intoxicated, the latest dating from 1984 or 1985. There is, however, no summary judgment evidence that Fields was intoxicated at the time of the accident. Ellis testified he did not check Fields's background because he purchased Fields's wood, not his services. Ellis facilitated Fields's access to Temple–Inland but did not place Fields on the highway where the accident occurred. The timber was located, cut, and transported by Fields alone. There is no evidence that Ellis hired Fields to transport Ellis's timber to the mill. Fields sold the timber at the mill through Ellis, by using a magnetic card recorded to Ellis's account, but the accident occurred on a public highway, not on Temple–Inland's premises. The connection between Fields selling his timber to Temple–Inland through Ellis and the accident is too attenuated to support a claim for negligent hiring.

■ Malone's argument that transportation of timber is an inherently dangerous activity that gives rise to a non-delegable duty of care fails for a similar reason: there is no issue of fact whether Fields was engaged in activity for Ellis when the accident occurred. Fields was not driving

Ellis's truck, nor was Fields transporting Ellis's timber. The parties had a history of transactions, but the transaction in question here occurred after collision.

■■■■■ Malone contends there are genuine issues of material fact regarding the theory of vicarious liability based upon the existence of a partnership, joint venture, or other contractual relationship between Fields and Ellis. A partnership or joint venture is an association of two or more persons to carry on as co-owners a business for profit. TEX.REV.CIV. STAT. ANN. art. 6132b, § 6 (Vernon 1970). A partnership consists of an express or implied agreement containing four required elements: (1) a community of interest in the venture; (2) an agreement to share profits; (3) an agreement to share losses; and (4) a mutual right of control or management of the enterprise. *Schlumberger Technology Corp. v. Swanson,* 959 S.W.2d 171, 176 (Tex.1997).

Fields's transactions with Ellis began about six months before the accident. Fields obtained an Ellis magnetic card from a friend who sold timber through Ellis. He later obtained a card from Larry Ellis. Fields had been clearing the Cowart tract during the previous two or three weeks. Although Fields did not always sell his timber through Ellis's account, 80 percent of his loads were handled through Ellis. An agreement to share profits existed, as Ellis charged Fields $1 for every ton of timber Fields delivered to Temple–Inland for credit on Ellis's account with the mill. There was, however, no summary judgment evidence of an agreement regarding losses. Fields acquired timber independently of Ellis and Ellis contracted with the mill independently of Fields. What truly distinguishes their business relationship from a partnership or joint venture is the evidence that Ellis and Fields possessed no mutual right of control. *See Triplex Communications, Inc. v. Riley,* 900 S.W.2d 716, 719 (Tex. 1995). The key inquiry is whether Ellis had the right to control the actions of Fields that led to Mr. Malone's injury. *Exxon Corp. v. Tidwell,* 867 S.W.2d 19, 23 (Tex.1993). Larry Ellis admitted he probably could have imposed certain conditions on the people who hauled wood under his contract with Temple–Inland, and that he could stop anyone from selling under his contract if he wanted to, but that he never did impose any conditions on anyone who participated in this arrangement. As was the case in *Triplex Communications,* there is nothing more than a potential right of control, not an actual right of control. Ellis never even inquired into the details of Fields's operations, and there is no summary judgment evidence of any agreement that Ellis had a voice in how Fields operated his business. Ellis is entitled to summary judgment on the issue of partnership, joint enterprise, or contractual relationship.

■■■■ Finally, Malone contends the trial court erred in considering Ellis's original motion for summary judgment after Ellis filed an amended motion for summary judgment. The trial court expressly considered both the original motion, which contained attachments but did not seek judgment against all of the parties to the suit, and the amended motion, which sought judgment against all of the parties but to which no deposition excerpts were attached. The order granting summary judgment recites the amended motion for summary judgment, which was filed less than twenty-one days prior to the hearing, was presented by agreement of the parties. The court treated the late-filed motion as a supplemental motion, not an amendment. *See* TEX.R. CIV. P. 71 ("When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."); *Burns Motors, Inc. v. Gulf Ins. Co.,* 975 S.W.2d 810, 812–13 (Tex.App.—Corpus Christi 1998, pet. filed)(subsequent motion was intended to supplement, rather than replace, the original motion for summary judgment with additional reasons for sum-

**938**

mary judgment); *Whitaker v. Huffaker,* 790 S.W.2d 761, 763–64 (Tex.App.—El Paso 1990, writ denied)(failure to object to consideration of attachments to superseded motion for summary judgment constitutes a waiver of appellate review on that issue). The trial court did not err in granting motion for summary judgment on the motion before the court.

The appellants' issue is overruled and the judgment of the trial court is affirmed.

AFFIRMED.

EARL B. STOVER, Justice, concurring.

I concur, but I also would note that my holding is limited to the narrow facts of this case. The broad issue in this case is whether a logging contractor is responsible for the negligence of a log hauler. Clearly, this tragic accident would not have occurred without the negligence of Fields, the log hauler. Thus, the issue is whether Ellis, the logging contractor, is liable under the various causes of action pleaded by the appellants herein for the accident in which Earl Malone was killed. However, in determining that issue, the key question is whether the logging contractor had the "right to control" or the right of mutual control over the log hauler with respect to the details of the work. Today we affirm the trial court's summary judgment and find Ellis is not liable in this instance because, among other reasons, he did not have control of the details of Fields' work.

DON BURGESS, Justice, dissenting.

I respectfully dissent. I believe a fact issue exists regarding the existence of a joint venture between Fields and Ellis, in this particular instance, not necessarily a joint venture every time Fields harvested timber. Clearly, Fields was able to deliver timber to Temple–Inland only because Ellis "vouched" for him through the use of Ellis's entry card. Furthermore, the proceeds of Ellis's sales to Temple–Inland were credited to Field's account. I would reverse the summary judgment and remand for trial.