TEXAS DEPARTMENT OF PARKS AND WILDLIFE, Appellant,

v.

Maria MIRANDA and Ray Miranda, Appellees.

No. 04–00–00736–CV.

Court of Appeals of Texas, San Antonio.

April 30, 2001.

Rehearing Overruled May 24, 2001.

Harry Deckard, Assistant Attorney General, Austin, for Appellant.

Jerry Don Evans, Law Office of Jerry Don Evans, R. Emmett Harris, Uvalde, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

Opinion by: CATHERINE STONE, Justice.

Maria Miranda and her husband, Ray Miranda, sued the Texas Department of Parks and Wildlife ("Department") for personal injuries Maria sustained when a tree limb fell on her head at Garner State Park. The Department appeals the trial court's order denying its plea to the jurisdiction. In its sole issue, the Department contends that the trial court erred in denying its plea to the jurisdiction because the Mirandas have failed to state a valid cause of action in their petition for which they can recover in view of the Department's limited liability under the Texas Tort Claims Act and the recreational use statute. We overrule the Department's contention and affirm the trial court's order.

### STANDARD OF REVIEW

"A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of a specific cause of action." *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex.App.—Austin 2000, no pet.). "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). "[T]he plea should be decided without delving into the merits of the case." *Id.* "The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiffs' claims should never be reached." *Id.* Evidence can be heard in resolving a dilatory plea, but "the proper function of a dilatory plea does not authorize an inquiry so far into the substance of the claims presented

that plaintiffs are required to put on their case simply to establish jurisdiction." *Id.*

We review a trial court's ruling on a plea to the trial court's subject matter jurisdiction de novo. *Herring v. Welborn,* 27 S.W.3d 132, 136 (Tex.App.—San Antonio 2000, pet. denied); *Rylander,* 23 S.W.3d at 135. We accept all allegations in the Mirandas' pleadings as true to determine whether an incurable jurisdictional defect is apparent on the face of the pleadings, rendering it impossible for the Mirandas' position to confer jurisdiction on the trial court. *Herring,* 27 S.W.3d at 136; *Rylander,* 23 S.W.3d at 135.

## DISCUSSION

The subject matter jurisdiction of the trial court in this case rests on our interpretation of whether the Mirandas' pleadings state a valid cause of action when the Texas Tort Claims Act and the recreational use statute are taken into consideration. In order to establish a valid claim, the Mirandas must assert a cause of action for which a governmental entity is liable under the Texas Tort Claims Act. *See City of Houston v. Morua,* 982 S.W.2d 126, 130 (Tex.App.—Houston [1st Dist.] 1998, no pet.). After that liability is established, the recreational use statute must be considered to determine whether it limits or abolishes liability for the claim notwithstanding the ability to sue under the Texas Tort Claims Act. *Id.*

Section 101.021 of the Texas Tort Claims Act waives immunity for premises defect claims. *Texas Dept. of Transp. v. Able,* 35 S.W.3d 608, 611 (Tex.2000). If the premises defect claim is asserted by a person who was given permission to enter the premises for recreation, the owner of the property does not: (1) assure that the premises are safe for that purpose; (2) owe to the person to whom permission is granted a greater degree of care than is

owed to a trespasser on the premises; or (3) assume responsibility or incur liability for any injury to any individual or property caused by an act of the person to whom permission is granted. TEX.CIV.PRAC. & REM.CODE ANN. § 75.002(c) (Vernon 2001). Therefore, in order for a person who was given permission to enter the premises for recreation to establish liability, the person must claim that the owner injured him willfully, wantonly, or through gross negligence. *Texas Utilities Elec. Co. v. Timmons,* 947 S.W.2d 191, 193 (Tex.1997).

In their petition, the Mirandas allege that the Department "knew of the dangers of its falling tree branches, failed to inspect, failed to prune, failed to alleviate or remove the danger, and consciously and deliberately failed to warn the Plaintiffs of the extremely dangerous condition." The petition further alleges that the "occurrences made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of Defendant's negligence in failing to make safe the dangerous condition of its campsite trees. Defendant's conduct was willful, wanton, or grossly negligent."

The Department correctly notes that in order to ultimately prevail on their gross negligence claim, the Mirandas would be required to show that: (1) the Defendant's act or omission involved an extreme degree of risk; and (2) the Department had actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. *See Louisiana Pacific Corp. v. Andrade,* 19 S.W.3d 245, 246 (Tex.1999). The Department appears to be arguing that the trial court should have granted its plea to the jurisdiction because there was no evidence to support the Mirandas' gross negligence

claim. However, the trial court was not authorized to inquire into the substance of the claims because the Department did not specifically allege that the Mirandas' allegations were pled merely as a sham for the purpose of wrongfully obtaining jurisdiction. *See Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d at 554; *Rylander*, 23 S.W.3d at 135. The Mirandas' petition gives fair notice of the facts upon which they base their gross negligence claim so that the Department can adequately prepare its defense. As a result, the Mirandas' pleading was sufficient to state a premises defect cause of action based on gross negligence, which is a permissible claim under the recreational use statute and the Texas Tort Claims Act. *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982) (petition sufficient if it gives fair notice of facts on which claim is based).

### CONCLUSION

The trial court's order denying the Department's plea to the jurisdiction is affirmed.