IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 
01-0619
════════════
 
Texas 
Department of Parks and Wildlife, 
Petitioner
 
v.
 
Maria 
Miranda and 
Ray Miranda, 
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
Fourth District of Texas
════════════════════════════════════════════════════
 
 
Argued on October 30, 2002
 
Justice Jefferson, 
dissenting.
I dissent on two grounds.  First, I do not agree that our precedent 
requires the Mirandas to produce evidence on all 
essential elements of their cause of action to establish the trial court=s 
jurisdiction.  The Court=s 
holding is inconsistent with the distinction Bland draws between 
requiring the plaintiff to prove preliminary facts as a predicate to the trial 
court=s 
power to entertain the merits, and requiring her to present the merits 
themselves on pain of dismissal.  
Bland Indep. 
School Dist. v. Blue, 34 
S.W.3d 547 (Tex. 
2000).[1]
Second, 
I cannot agree that the Mirandas= 
pleading has alleged sufficient facts to confer jurisdiction on the trial 
court.  The Mirandas assert that the Department was aware that branches 
fall from trees, but consciously chose not to post warnings.  Is that gross negligence?  No.  
Texas law 
does not impose on landowners a duty to warn trespassers about all conceivable 
dangers inherent in nature.  What if you add the allegation that the 
Department did not inspect or prune trees in 
Garner State 
Park?  
The Court today makes clear that the Department has no duty to inspect 
trees in state parks.  ___ S.W.3d ___.  
If there is no duty, a complaint about the failure to inspect or prune 
cannot possibly constitute a gross negligence pleading sufficient to invoke the 
court=s 
jurisdiction.  But the Mirandas used the words Agross 
negligence.@  Not enough.  The Mirandas pleaded no facts even remotely suggesting 
the Department was aware the limb was about to fall, much less that it would 
injure Maria.
I
Bland, in Proper Context
            
In deciding a plea to the jurisdiction, the trial court must consider 
evidence Awhen 
necessary to resolve the jurisdictional issues raised.@  Bland, 34 
S.W.3d at 555.  That 
quote must be read in context.  We 
noted that when a defendant challenges an organization=s 
standing to sue, the organization must present evidence of its nature and 
purpose before it can pursue its claims B 
a burden that Adoes 
not involve a significant inquiry into the substance of the claims.@  Id. at 
554.  Similarly, we observed 
that a challenge to personal jurisdiction may Atouch 
on the merits of the case,@ 
but is not aimed at Awhether 
the defendant may be liable as alleged.@  Id. at 
555.  That theme B 
that a plaintiff is not required to litigate the merits 
to establish jurisdiction B 
was emphasized throughout our opinion.  
Id. at 
554.  We 
cautioned that Athe 
proper function of a dilatory plea does not authorize an inquiry so far into the 
substance of the claims presented that plaintiffs are required to put on their 
case simply to establish jurisdiction.@  
Id.
I 
interpret Bland to mean that if a plea to the jurisdiction requires the 
trial court to wade deeply into the lawsuit=s 
merits, it is not a valid plea.  Yet 
today the Court immerses itself in the merits by reaching and deciding the 
ultimate issue in the case:  A. 
. . the evidence in the record establishes that the Department was not 
grossly negligent and that the Mirandas have failed to 
raise a fact question regarding the Department=s 
alleged gross negligence.@  ___ S.W.3d at ___ (emphasis added).  This holding misapplies Bland 
because it permits a defendant, on painfully short notice and before evidence 
has been developed, to force the plaintiff either to present evidence on the 
ultimate issue in the lawsuit, or lose the right to a jury trial on the 
merits.
The 
Court asserts that its standard Amirrors 
that of a summary judgment. . . .@  ___ S.W.3d 
___.  It is a poor 
reflection.  Our summary judgment 
rule, unlike the Court=s 
standard, contains procedural safeguards to ensure that the merits are not 
determined before the nonmovant has had an adequate 
time for discovery and an opportunity to respond.  Tex. R. Civ. P. 166a(c) (AExcept 
on leave of court, with notice to opposing counsel, the motion and any 
supporting affidavits shall be filed and served at least twenty-one days before 
the time specified for hearing.  
Except on leave of court, the adverse party, not later than seven days 
prior to the day of hearing may file and serve opposing affidavits or other 
written response.@); 
166a(i) (AAfter 
adequate time for discovery, a party without presenting summary judgment 
evidence may move for summary judgment on the ground that there is no evidence 
of one or more essential elements of a claim or defense. . . .@).  As a uniform rule of procedure, the 
summary judgment rule leaves little to the imagination.  A party whose claim is subject to 
adjudication on the merits is entitled to advance notice that it must present 
evidence and has an adequate opportunity to respond.[2]  The procedure the Court adopts today, in 
contrast, will vary from county to county and from judge to judge.
The 
Court cites a number of federal decisions holding that  when jurisdictional facts are 
intertwined with the merits, the trial court, in considering evidence, should 
either employ the standard applicable to a summary judgment or leave the 
jurisdictional determination to trial.  
___ S.W.3d ___; see also 2 
James Wm. Moore Et al., Moore=s Federal Practice ' 
12.30[3], at 12-37 to 12-38 (3d ed. 2003).  
I do not disagree with that proposition, but it does not answer a 
fundamental question.  This Court 
must decide what procedure governs in 
Texas when a plea to 
the jurisdiction is treated like a motion for summary judgment.
As 
Justice Brister observes, no 
procedural rule currently requires a trial court to advise the plaintiff that 
evidence may or must be presented in opposition to a plea to the jurisdiction, 
and no rule requires an adequate time for discovery before the court dismisses a 
case on the merits. ___ S.W.3d at ___.  By default, then, trial courts will turn 
to Rule 21.  Tex. R. Civ. P. 21.  Presumably, if a trial court=s 
ruling comports with Rule 21's minimum procedural requirements, a dismissal on 
the merits will survive any challenge based on an abuse of discretion 
standard.  We should ask ourselves, 
then, whether the Rule=s 
minimum requirements are adequate when the stakes are no less than a party=s 
ability to present its case on the merits.
Under 
Rule 21, a plea to the jurisdiction may be served Athree 
days before the time specified for the hearing unless otherwise provided by 
these rules or shortened by the court.@  
Id.  The rule does not mention an adverse 
party=s 
right to present opposing evidence, which may explain why the Mirandas did not controvert the Department=s 
plea with their own evidence.  
Compiling evidence of simple negligence on three days= 
notice B 
evidence that typically requires months of discovery B  would be daunting in itself; but where, 
as here, a plaintiff must prove gross negligence, her ability to contest the 
Department=s 
jurisdictional plea could be essentially non-existent.
The 
Mirandas had no reason to suspect that a summary 
judgment standard applied, requiring them to controvert the Department=s 
evidence, because the Department=s 
plea to the jurisdiction was subject to Bland.  34 S.W.3d at 554-55 (trial court not 
authorized to inquire so far into the substance of the claims presented that 
plaintiffs are required to put on their case simply to establish 
jurisdiction).  At a minimum, I 
would hold that if a summary judgment standard applies, the trial court must so 
advise the parties and employ Rule 166a procedures.
II
Pleading Requirements Under 
Recreational Use Statute 
Rather 
than dismiss the case on the merits under a summary judgment standard, I would 
examine the pleadings to determine whether the Mirandas alleged facts sufficient to invoke the trial 
court=s 
jurisdiction.  See 
Tex. Ass=n 
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 
(Tex. 1993) (plaintiff has burden 
to allege facts affirmatively demonstrating that the trial court has subject 
matter jurisdiction).  In my view, 
the Mirandas= 
pleading falls short.  Just as the 
Department owes no duty to warn trespassers that rattlesnakes may strike, it 
owes no duty to advise statutory trespassers that tree limbs fall in state 
parks.  The Mirandas did not allege that the Department had so much as 
an inkling that the branch in question would fall.  See Tex. Civ. Prac. & Rem Code _ 41.001(7); see also Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 21-22 (Tex. 1994) (explaining 
that gross negligence requires at a minimum that the defendant subjectively 
Ahave 
actual awareness of the extreme risk created by his or her conduct@).  Rather, she alleges that the Department 
is generally aware that tree limbs fall, just as it must know of countless other 
natural perils in state parks.  
Because the Department owes no duty to warn trespassers that forces of 
nature may cause random harm, I would hold, contrary to the Court=s 
conclusion, that the Mirandas= 
pleading does not invoke the trial court=s 
jurisdiction.
The 
Mirandas did not allege that the Department was 
subjectively aware of any specific risk of injury.  See id.  Instead, they alleged:
Defendant 
knew of the dangers of its falling tree branches, failed to inspect, failed to 
prune, failed to alleviate or remove the danger, and consciously and 
deliberately failed to warn Plaintiffs of the extremely dangerous 
condition.  Plaintiffs paid a 
campsite rental fee and specifically asked defendant to assign them a safe 
campsite.  Defendant knew that its 
property contained hidden, dangerous defect (sic) in that its tree branches 
which have not been inspected or pruned regularly fall.  Defendant did not warn Plaintiffs of the 
hidden danger.
 
*     *     *
 
Plaintiffs 
would show the court that the occurrence made the basis of this suit and the 
resulting damages set out below were a direct and proximate result of 
Defendant=s 
negligence and its agents, servants, and officers, both of commission or 
omission, or both separately and collectively, in failing to properly maintain 
and inspect the campsite where Plaintiffs were injured, in failing to properly 
maintain the campsite in a safe condition and/or in failing to exercise ordinary 
care to protect Plaintiffs from the danger.
 
The 
Mirandas= 
gross negligence allegations stated:
Plaintiffs 
would show the court that the occurrences made the basis of this suit and the 
resulting injuries and damages set out below were a direct and proximate result 
of Defendant=s 
negligence in failing to make safe the dangerous condition of its campsite 
trees.  Defendant=s 
conduct was willful, wanton, or grossly negligent.  Defendant failed to warn or make 
reasonably safe the dangerous condition of which it was aware and which 
Plaintiffs were unaware.
 
We 
can accept as true the Mirandas= 
allegation that the Department knew Aits 
tree branches which have not been inspected or pruned regularly fall@ 
and did not warn them about that contingency.  That pleading, however, is of neutral 
value in a suit against the Department, which would owe no duty to warn unless 
it had actual  
knowledge that the branch would fall yet nevertheless instructed 
Maria to camp beneath it.  See 
id.; see also Lee Lewis Constr., Inc. v. 
Harrison, 70 S.W.3d 778, 785 (Tex. 2001) (reiterating that gross negligence 
requires that Athe 
actor must have actual, subjective awareness of the risk involved, but 
nevertheless proceed in conscious indifference to the rights, safety, or welfare 
of others.@).  Indeed, nowhere in their pleadings do 
the Mirandas assert that the Department was aware of 
any risk associated with either the tree or the campsite below.  Instead, they simply recast allegations 
of simple negligence into a claim for gross negligence.
We 
are bound, however, to analyze their claims in light of the policies underlying 
the recreational use statute.  The 
statute exists to encourage landowners to allow the public to enjoy outdoor 
recreation on their property by limiting their liability for personal 
injury.  City 
of Bellmeade v. Torres, 89 S.W.3d 611, 617 
(Tex. 2002) 
(Hankinson, J. dissenting).  
To accomplish that objective, the Legislature has placed stringent 
parameters around the duty landowners owe Atrespassers.@  See Tex. Civ. Prac. & Rem Code _ 
75.002.  The duty implicit in 
the  Mirandas= 
pleading, however, would require the Department to warn all visitors of all 
perils commonly confronted by human interaction with nature.  The scope of that proposed duty B 
obligating the Department to post warnings about all naturally occurring dangers 
B 
would create such an insurmountable practical and economic burden as to 
frustrate the legislature=s 
intent to encourage landowners to make property available for recreational 
use.
Without 
allegations that the Department was aware that the limb would fall and 
nevertheless instructed Maria to camp below it, the Mirandas have not pleaded facts sufficient to proceed on 
their claim under the recreational use statute.  I do not mean to suggest that merely 
because the injury is alleged to have resulted from a natural condition, the 
trial court is thereby deprived of jurisdiction.  For example, the trial court=s 
jurisdiction would be properly invoked by a pleading that the Department told 
the plaintiff it was safe to dive into waters the Department knew were so 
shallow that the dive posed a likelihood of serious injury, and that the 
plaintiff was severely injured diving in reliance on that assurance.  Here, by contrast, the Mirandas did not plead that the Department directed Maria to 
a campsite knowing that an overhanging tree branch would likely fall on her and 
cause serious injury.
I 
understand fully the Court=s 
holding that the Mirandas gave Afair 
notice@ 
that they were pursuing a gross negligence claim.  Fair-notice pleadings, however, must be 
viewed in this case through the prism of sovereign immunity, which deprives a 
court of jurisdiction unless the State has expressly waived immunity.  Tex. 
Dep=t 
of Transp. v. Jones, 8 S.W.3d 636, 638 
(Tex. 
1999).  The plaintiffs= 
pleadings against the State must affirmatively establish jurisdiction to 
overcome the contrary presumption.  
Tex. Dep=t 
of Crim. Justice v. Miller, 51 S.W.3d 583, 587 
(Tex. 2001)(quoting 
Tex. Ass=n 
Bus., 852 S.W.2d at 446).  The 
plaintiff must plead facts that, if true, would establish that the claims come 
within an express waiver of sovereign immunity before the trial court has 
jurisdiction to proceed.  Just as 
mere reference to the Texas Tort Claims Act is insufficient to confer 
jurisdiction, Miller, 51 S.W.3d at 587, the trial court=s 
jurisdiction is not satisfied by mere notice that the plaintiff is pursuing a 
gross negligence claim.  The Mirandas have failed to affirmatively establish the 
court=s 
jurisdiction because, even if all of the facts alleged in their pleading were 
true, those facts would not amount to gross negligence and therefore would not 
establish a waiver of sovereign immunity under the recreational use statute. 

When 
a plaintiff fails to plead facts establishing jurisdiction, the issue is 
ordinarily one of pleading sufficiency and the plaintiff should be afforded the 
opportunity to amend.  
County of 
Cameron v. Brown, 80 S.W.3d 549, 555 
(Tex. 
2002).  A court may grant a 
plea to the jurisdiction without affording an opportunity to amend only when the 
pleadings Aaffirmatively 
negate@ 
the existence of jurisdiction, a circumstance not presented here.  
Id.  In this case, however, the trial court 
overruled the Department=s 
plea to the jurisdiction, concluding implicitly that the Mirandas= 
pleadings were sufficient to confer jurisdiction, and the court of appeals 
affirmed.  Consequently, the Mirandas have never been placed on notice that they must 
cure the jurisdictional defect.  It 
may well be that the facts will not lend themselves to a pleading that would 
confer jurisdiction, but we are not equipped to make that determination at this 
stage of the proceedings.
III
Conclusion
We 
need not and should not inquire into the ultimate merits of this case.  I would remand the cause to the trial 
court to give the Mirandas an opportunity to amend 
their petition to plead facts establishing jurisdiction.
 
 
_____________________________
Wallace 
B. Jefferson
Justice
 
OPINION 
DELIVERED:         
April 2, 
2004




[1] I agree that the court of appeals= holding conflicts with Bland to the extent it 
holds that the trial court was prohibited from inquiring into the merits 
because A. . . the Department did not specifically allege that 
the Mirandas= allegations were pled merely as a sham for the purpose 
of wrongfully obtaining jurisdiction.@  55 S.W.3d 648, 652.  Bland does not require that form of 
defensive pleading as the sole gateway through which the trial court may 
consider evidence. If that were so, we could not have held that there are 
limited circumstances in which, even in the absence of a defendant=s pleading that the plaintiff=s pleadings were a sham, the trial court is required to 
consider evidence.  I depart from 
the Court=s holding, however, that this is such a 
case.

[2] 
The prevailing view appears to be that the timeline is strictly enforced.  See Luna v. Estate of Rodriguez, 
906 S.W.2d 576, 582 (Tex. App.BAustin 
1995, no writ) (ABecause 
summary judgment is a harsh remedy, we strictly construe the twenty-one day time 
limit.@).  Accord Burns Motors, Inc. v. Gulf 
Ins. Co., 975 S.W.2d 810, 812 (Tex. App.BCorpus 
Christi 1998) rev=d 
on other grounds, 
22 S.W.3d 417 (Tex. 2000); Martin v. Martin, Martin & Richards, Inc., 
991 S.W.2d 1, 11 (Tex. App.BFort 
Worth 1997) rev=d 
on other grounds, 
989 S.W.2d 357 (Tex. 1998); Bell v. Showa Denko K.K., 899 S.W.2d 749, 759 
(Tex. App.BAmarillo 
1995,writ denied); Stephens v. Turtle Creek Apartments, 
Ltd., 
875 S.W.2d 25, 27 (Tex. App.BHouston 
[14th Dist.] 1994, no writ); Wavell v. 
Caller-Times Pub. Co., 
809 S.W.2d 633, 637 (Tex. App.BCorpus 
Christi 1991, writ denied); Williams v. City of Angleton, 724 S.W.2d 414, 
417 (Tex. App.BHouston 
[1st Dist.] 1987, writ ref=d 
n.r.e.) disapproved of on other grounds, 876 
S.W.2d 314 (Tex. 
1994).