FISK ELECTRIC COMPANY, Petitioner,

v.

CONSTRUCTORS & ASSOCIATES, INC., Respondent.

No. D–4527.

Supreme Court of Texas.

Argued Sept. 20, 1994.

Decided Dec. 1, 1994.

James R. Bailey and William J. Boyce, Houston, for petitioner.

Gina V. Fulkerson, Donald M. Hudgins and Sheryl Mulliken, Houston, for respondent.

Justice ENOCH delivered the opinion of the Court, in which all Justices join.

This is an appeal to determine whether an indemnitor, Fisk Electric Company, must pay attorney's fees and other expenses incurred by an indemnitee, Constructors & Associates, when the indemnitee is accused of negligence, but not found to be negligent, and the indemnity agreement does not meet the express negligence test. The trial court granted summary judgment in favor of Fisk, finding that the indemnity agreement did not satisfy the express negligence test announced in *Ethyl Corp. v. Daniel Construction Co.,* 725 S.W.2d 705 (Tex.1987), and thus, concluding that Constructors was not entitled to reimbursement for its attorney's fees and expenses. The court of appeals reversed. It held that an obligation to indemnify one for its attorney's fees and costs of defense is separate from an obligation to indemnify one for its own negligence. Consequently, it concluded that in order to obtain summary judgment, thus avoiding liability under the indemnity agreement, Fisk must first establish that Constructors was negligent. 880 S.W.2d 424. We hold that no obligation to indemnify

an indemnitee for the costs or expenses resulting from a claim made against it for its own negligence arises unless the indemnification agreement complies with the express negligence test. Therefore, we reverse the judgment of the court of appeals and render judgment for Fisk.

Fisk entered into a contract with Constructors. The contract contained an indemnity clause that provides: "[t]o the fullest extent permitted by law, [Fisk] shall indemnify, hold harmless, and defend [Constructors] ... from and against all claims, damages, losses, and expenses, including but not limited to attorney's fees ..." arising out of or resulting from the performance of Fisk's work. An employee of Fisk was injured on the job site and brought a negligence action against Constructors. Constructors brought a third party cause of action against Fisk seeking indemnification to the fullest extent allowable. However, Constructors concedes that the indemnity clause does not meet the requirements of the express negligence test.

The express negligence test was established by this Court in *Ethyl* in order "to cut through the ambiguity" of indemnity provisions, thereby reducing the need for satellite litigation regarding interpretation of indemnity clauses. *Ethyl*, 725 S.W.2d at 708. Parties seeking to indemnify themselves for their own negligence must express that intent in specific terms. *Id.* In *Gulf Coast Masonry, Inc. v. Owens–Illinois, Inc.*, 739 S.W.2d 239 (Tex.1987), we held that indemnity provisions that do not state the intent of the parties within the four corners of the instrument are unenforceable as a matter of law. *Gulf Coast Masonry* involved facts similar to the present case: an employee of a contractor filed a personal injury action against a plant owner, the plant owner then brought a third party claim against the contractor seeking indemnity. We affirmed the trial court's grant of summary judgment because the contract of indemnity failed the express negligence test and, therefore, was

unenforceable as a matter of law on that claim.

Despite our ruling in *Gulf Coast Masonry,* the courts of appeals have split in their application of the express negligence test in determining whether an indemnitor must pay the costs of defense for an indemnitee accused of negligence. In *Monsanto Co. v. Owens–Corning Fiberglas,* 764 S.W.2d 293 (Tex. App.—Houston [1st Dist.] 1988, no writ), the court held that because the indemnity agreement failed the express negligence test, Monsanto, as a matter of law, was not entitled to indemnification from Owens–Corning. As in *Gulf Coast Masonry,* the summary judgment was granted before any determination was made regarding the negligence of Monsanto. However, another court of appeals held in *Continental Steel Co. v. H.A. Lott, Inc.,* 772 S.W.2d 513 (Tex.App.—Dallas 1989, writ denied), that the express negligence test only applies when an indemnitee has been found negligent. *Cf. Continental Steel,* 772 S.W.2d at 523 (Lagarde, J., dissenting) (correctly noting that this holding was contrary to *Gulf Coast Masonry* ). Similarly, in *Construction Investments & Consultants, Inc. v. Dresser Industries, Inc.,* 776 S.W.2d 790 (Tex.App.—Houston [1st Dist.] 1989, writ denied), the court, failing to follow its earlier decision in *Monsanto,* held that an indemnitor's obligation to pay defense costs was a separate and distinct issue from the duty to pay a judgment. According to that decision, because Dresser was found to be "not negligent," the express negligence test never came into play. *Id.* at 792.[1]

The express negligence requirement is not an affirmative defense but a rule of contract interpretation. *See Monsanto,* 764 S.W.2d at 296. Issues of contract interpretation are determinable as a matter of law. *See Gulf Coast Masonry,* 739 S.W.2d at 239–40. This Court in *Ethyl* established that indemnity provisions that do not clearly provide for indemnification for the indemnitee's

---

1. Other courts have relied on these decisions in reaching the same result that an indemnitor must plead and prove an indemnitee's negligence in order to receive summary judgment. *See Champlin Petroleum Co. v. Goldston Corp.,* 797 S.W.2d 165, 167 (Tex.App.—Corpus Christi 1990, writ denied); *R.B. Tractors, Inc. v. Mann,* 800 S.W.2d 955, 957–58 (Tex.App.—San Antonio 1990, no writ); *R.L. Jones Co. v. City of San Antonio,* 809 S.W.2d 565, 569 (Tex.App.—San Antonio 1991, no writ).

own negligence do not, as a matter of law, indemnify the indemnitee for its own negligence. Fisk's obligation to pay attorney's fees arises out of its duty to indemnify. Absent a duty to indemnify there is no obligation to pay attorney's fees. Cases from the courts of appeals holding to the contrary are hereby disapproved.

Other states agree with this reasoning. The Minnesota Supreme Court has addressed a case similar to the one at bar. Minnesota, like Texas, requires that indemnity contracts must "expressly" state their intention to indemnify an indemnitee's own negligence in order to be given effect. *Plumbing & Heating Co. v. Fischer Sand & Aggregate, Inc.*, 281 N.W.2d 838 (Minn.1979). Where an indemnitor is not contractually obligated to indemnify an indemnitee's negligence then it is not liable for attorney's fees or other costs of defense. *Id.* at 842; *see also Sargent v. Johnson,* 601 F.2d 964, 967 (8th Cir.1979) (under Minnesota law recovery of attorney's fees by an indemnitee arising out of the defense of an action alleging his negligence is barred). In *St. Paul Fire & Marine Insurance Co. v. Crosetti Brothers, Inc.*, 256 Or. 576, 475 P.2d 69 (1970), the Oregon Supreme Court ruled that the standard for determining whether a contractual indemnitor has a duty to defend is the same as in cases involving an insurer's duty. When the indemnitor has no duty to defend, the indemnitee may not recover attorney's fees or defense costs. *Valley Indus. v. Scott Fetzer Co.*, 113 Or.App. 349, 832 P.2d 1262 (1992). The North Dakota Supreme Court found that "an indemnitee who defends against its own negligence may not recover attorney's fees because 'any other rule would be not only unworkable, but would be inconsistent with the general rule that tort defendants, even if vindicated, must pay for their own defense.'" *Barsness v. General Diesel & Equip. Co.*, 422 N.W.2d 819, 827 (N.D. 1988).

Five states have applied a contrary rule. These decisions are discussed in and typified by *INA Insurance Co. v. Valley Forge Insurance Co.,* 150 Ariz. 248, 722 P.2d 975 (1986). The Arizona court held that allegations in a complaint should not control the contractual right to indemnity. *Id.* 722 P.2d at 982. The Arizona court relied on a number of common law implied indemnity cases, where one tortfeasor seeks indemnity from a fellow tortfeasor. *See Insurance Co. of N. Am. v. King,* 340 So.2d 1175 (Fla.Dist.Ct. App.1976); *Piedmont Equip. Co. v. Eberhard Mfg. Co.,* 99 Nev. 523, 665 P.2d 256 (1983); *Pullman Standard Inc. v. Abex Corp.,* 693 S.W.2d 336 (Tenn.1985); *Koch v. Seattle,* 9 Wash.App. 580, 513 P.2d 573 (1973). We are not persuaded by these authorities. A contractual right to indemnity should be determined in the same fashion as other contractual rights—as a matter of law.

By Constructors' own admission, if the plaintiff in the underlying suit were successful, Fisk would not be obligated to pay anything to Constructors because the agreement fails to satisfy the express negligence test. Yet, Constructors would have this Court impose on Fisk a duty to bear the costs of defense. Such a holding would be contrary to the reasoning of *Ethyl.* The purpose of the express negligence rule "is to require scriveners to make it clear when the intent of the parties is to exculpate an indemnitee for the indemnitee's own negligence." *Atlantic Richfield Co. v. Petroleum Personnel, Inc.,* 768 S.W.2d 724, 726 (Tex.1989). Either the indemnity agreement is clear and enforceable or it is not. Such a determination should not depend on the outcome of the underlying suit, but should be established as a matter of law from the pleadings. The rule proposed by Constructors regarding defense expenses would leave indemnitors liable for a cost resulting from a claim of negligence which they did not agree to bear. Significantly, it would also leave indemnitors vulnerable to indemnitees who might settle cases without admitting negligence, leaving the indemnitor to pay the costs of settlement and defense.[2] Without an express reference in the indemni-

---

2. At oral argument the parties informed the Court that the underlying suit has been settled. While counsel argued that the settlement could still be contested by the indemnitor, such a result retards rather than advances the policy of preventing satellite litigation regarding interpretation of indemnity contracts. *See Ethyl Corp. v. Daniel Constr. Co.,* 725 S.W.2d 705, 708 (Tex. 1987).

fication provision to claims based upon negligence, there is no indemnity for defense costs incurred in connection with a negligence claim irrespective of whether the claim is ultimately proved.

The judgment of the court of appeals is reversed and judgment is rendered that Constructors take nothing.