COASTAL STATES CRUDE GATHER-
ING COMPANY and Coastal Refining &
Marketing, Inc., Appellants,

v.

NATURAL GAS ODORIZING,
INC., Appellee.

No. C14–93–01002–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 6, 1995.

Rehearing Overruled May 11, 1995.

David S. Gamble, Timothy J. Hill, Deborah E. Wolin, Houston, for appellants.

James R. Snell, Houston, Steve R. Mackey, Tulsa, OK, for appellee.

Before MURPHY, YATES and FOWLER, JJ.

## OPINION

YATES, Justice.

This is an appeal from a summary judgment in favor of Appellee, Natural Gas Odorizing, Inc. (NGO). Appellants, Coastal States Crude Gathering Company and Coastal Refining & Marketing, Inc. (Coastal), urge that the trial court erred in: (1) granting NGO's second motion for summary judgment; (2) denying Coastal's motion for partial summary judgment; and (3) awarding NGO attorney's fees under its counterclaim

for declaratory judgment. More specifically, the controversy concerns the enforceability of an indemnity provision allegedly agreed to by the parties. We affirm.

## BACKGROUND

Coastal was sued in 1989 by six individuals claiming to have been burned by an explosion and fire fueled by propane gas odorized and sold by Coastal. In the Winter of 1990, Coastal approached NGO, the supplier of the odorizing agent used in the propane, and demanded that NGO defend and indemnify Coastal in the pending suit. NGO refused to do so, and Coastal proceeded with settlement negotiations. By the Summer of 1990, Coastal reached a settlement agreement; incurring over ten million, five-hundred thousand dollars ($10,500,000.00) in settlement and defense costs. After settlement, Coastal again demanded that NGO indemnify it. NGO refused and Coastal brought this suit seeking enforcement.

The basis of Coastal's demand stemmed from an indemnity clause located on the back of its standard purchase order form. The indemnity provision was one of eighteen numbered, fine-print, boilerplate paragraphs explaining terms and conditions required of a vendor when filling an order. Reference to the provisions was made on the front, bottom portion of the purchase order in the same black ink as used on the rest of the form. The indemnity provision provided, in part, that:

> [NGO] agrees that it will ... defend, indemnify and hold [Coastal's] subsidiary and affiliated companies harmless from and against all present and future claims, demands, proceedings, and litigation arising out of any alleged liability on account of any ... personal injury to or death of any person ... arising out of or on account of ... [NGO's] performance hereunder or on account of the goods, materials, or services, or any work performed by [NGO] on [Coastal's] premises.... Buyer reserves the right to compromise or settle at any time. Seller's obligation to defend buyer and to hold it harmless shall survive any resale of goods, materials, or equipment.

NGO originally filed a motion for summary judgment, claiming that the indemnity provision was unenforceable as a matter of law because it failed to satisfy the express negligence test announced in *Ethyl Corp. v. Daniel Construction Co.*, 725 S.W.2d 705 (Tex. 1987). *Ethyl* held that a party seeking indemnity from the consequences of its own negligence must express that intent in specific terms within the four corners of the contract. *Id.* at 707–08. Coastal responded that NGO had erroneously characterized Coastal's suit as an attempt to shift liability for Coastal's own fault or negligence to NGO. Coastal maintained that because its action was based on an unambiguous contractual provision, the express negligence test did not govern the clause's enforceability and, further, since Coastal was not seeking indemnity for its own negligence, the proper procedure was for NGO to present any evidence of Coastal's negligence as an affirmative defense at trial. The trial court denied NGO's motion.

Several months later, NGO amended its answer to include affirmative defenses and a counterclaim for declaratory judgment. NGO also filed a second motion for summary judgment on six (6) separate grounds, including the express negligence ground alleged in its first motion. The counterclaim sought a declaratory judgment from the court that none of the indemnity provisions contained within any of Coastal's purchase orders sent to NGO were enforceable. Coastal responded by filing a partial motion for summary judgment, seeking a declaration that the indemnity provision was enforceable, subject to NGO's right to prove Coastal's alleged negligence as an affirmative defense. After a hearing on the motions, the trial court granted NGO's second motion for summary judgment, holding that Coastal take nothing and granting NGO's declaratory relief. The court also awarded NGO fifty thousand dollars ($50,000.00) in attorney's fees in connection with the declaratory judgment at the trial level, with an additional amount to be awarded to NGO should it prevail on appeal.

## DISCUSSION

■ Coastal urges this court to reverse the trial court's granting of NGO's motion for summary judgment. Specifically, they argue

that the express negligence doctrine does not render the indemnity clause in this case unenforceable because the clause contains language which gives them an absolute right to settle. We disagree. In light of recent supreme court decisions dealing with the express negligence doctrine, we find that the indemnity agreement between the parties, as well as any underlying right to settle, is unenforceable. Accordingly, we limit our analysis of Appellant's first and second points of error to this area.

The supreme court has recently expanded the express negligence rule to include situations in which the indemnitee is charged with strict liability claims. *See Houston Lighting & Power Co. v. Atchison, Topeka, & Santa Fe Railway Co.*, 890 S.W.2d 455 (Tex.1994). Also, and important to our analysis, the court broadened the rule to include the issue presented in this case. *See Fisk Electric Company v. Constructors & Associates, Inc.*, 888 S.W.2d 813 (Tex.1994). The *Fisk* court made explicitly clear that allowing the rule proposed by Coastal would "leave indemnitors vulnerable to indemnitees who might settle cases without admitting negligence, leaving the indemnitor to pay the costs of settlement and defense." *Id.* at 815. The court further stated in a footnote that even if a settlement could be contested by the indemnitor, such a result would retard, rather than advance, the policy of preventing satellite litigation surrounding interpretation of indemnity clauses. *Id.* This would be contrary to the rationale behind the *Ethyl* decision.

■ We find that *Fisk* stands for the following proposition: There is no indemnity for costs incurred in connection with a negligence claim, irrespective of whether the claim is ultimately proved, where the indemnity agreement fails expressly to cover the indemnitee's negligence. Accordingly, Appellant's first and second points of error are overruled.

■ Appellant alleges in its third point of error that the trial court erred by awarding NGO attorney's fees under its counterclaim for declaratory judgment. Specifically, Appellant asserts that NGO's strategy of aggregating its fees was a ploy to use the declaratory judgment statute to recover all of its fees and costs billed since the inception of

the case. Appellant's assertion is that there is no justice and equity to be served in allowing fees and costs under the circumstances, and therefore, awarding such fees was an abuse of discretion. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). However, the record does not support this contention. NGO sought affirmative relief that exceeded simply defending Coastal's suit. Where a party brings a counterclaim that is more than a mere denial of the plaintiff's cause of action by seeking some form of affirmative relief, a party may recover attorney's fees. *HECI Exploration Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 638–39 (Tex.App. 1992). Further, where "an overlap exists in the preparation of a case, a party may properly recover for legal services incurred in bringing its claim, although the same services also relate to a matter for which attorney's fees are not recoverable." *Bellefonte Underwriters Ins. Co. v. Brown*, 663 S.W.2d 562, 569, 585 (Tex.App.—Houston [14th Dist.] 1983,) *aff'd in part, rev'd in part on other grounds*, 704 S.W.2d 742 (Tex.1986).

■ In this instance, the record establishes that virtually the same facts and legal issues controlled the outcome of both Coastal's indemnity claim and NGO's counterclaim for declaratory relief. Both initially turned on a determination of the enforceability of the indemnity provision. Given the circumstances, NGO was under no obligation to attempt to segregate its fees, as any attempt to do so would have been futile. The record also shows that the court only awarded NGO a small portion of the fees it incurred during trial, or that it estimated to incur on appeal. A trial court only abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). The record simply does not support the claim that the trial court acted in an arbitrary fashion. Appellant's third point of error is overruled.

Finding no error, we affirm the trial court's holding.