In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00613-CV

____________


TEXAS DEPARTMENT OF TRANSPORTATION, Appellant


V.


METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS
Appellee






On Appeal from the 281st District Court

Harris County, Texas

Trial Court Cause No. 2000-39426






O P I N I O N

 Appellant, Texas Department of Transportation (TxDOT) and appellee, Metropolitan
Transit Authority of Harris County (Metro), filed cross motions for summary judgment. The
trial court granted Metro's motion for summary judgment and denied TxDOT's motion for
summary judgment. 

BACKGROUND


 TxDOT brought a suit against Metro claiming that it was entitled to contractual
indemnification pursuant to The Transitways Master Operations and Maintenance Agreement
(Master Agreement) that specified the rights and obligations of TxDOT and Metro for the
operation and maintenance of the transitways. The Master Agreement contained the
following indemnity agreement:

 Indemnification

 19. To the extent permitted by law, Metro agrees to indemnify and save
harmless the State, its agents and employees, from all suits, actions or claims
and from all liability and damages for any and all liability and damages from
any and all injuries or damages sustained by any person or property in
consequence of any neglect in the performance of design, construction,
maintenance or operation of the Transitway by Metro . . . .


(emphasis added).


 The suit for contractual indemnification arose out of an accident that occurred on
December 7, 1993 in a high occupancy vehicle (HOV) lane covered by the Master
Agreement. In the underlying lawsuit, two people were killed and two people injured, and 
a suit was brought against TxDOT, Metro, the City of Houston, and Harris County for
negligence and gross negligence. See Tex. Dep't of Transp. v. Able, 35 S.W.3d 608 (Tex.
2000). The jury found that (1) Metro and the driver of one car were each 50% negligent, (2)
Metro was grossly negligent, (3) TxDot and the City of Houston were not negligent, and (4)
TxDOT and Metro were engaged in a joint enterprise. Based upon the jury's findings, the
court entered judgment against Metro for $200,000 and against TxDOT for $500,000, the
statutory limits of liability for each party. TxDOT appealed the trial court's judgment, which
was affirmed, and the Texas Supreme Court granted petition for review and affirmed the
lower courts' decisions. See Able, 35 S.W.2d at 608. (1) 

 Following the judgment in Able, TxDot sued Metro for indemnity, and the parties filed
cross motions for summary judgment. The trial court granted Metro's motion for summary
judgment on specific grounds citing Houston Lighting & Power Co. (HL&P) v. Atchison,
Topeka & Santa Fe Railway Co., which held that an indemnity agreement may not impose
liability unless the agreement "clearly and specifically expresses the intent to encompass" the
particular liability claim. 890 S.W.2d 455, 458. The trial court denied TxDOT's motion for
summary judgment. 

 DISCUSSION

 Summary judgment is proper only when the movant establishes that there is no
genuine issue of material fact and that the movant is entitled to judgment as a matter of law. 
Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Lawson v. B Four
Corp., 888 S.W.2d 31, 34 (Tex. App.--Houston [1st Dist.] 1994, writ denied). In reviewing
a summary judgment, we must indulge every reasonable inference in favor of the nonmovant
and resolve any doubts in its favor. Johnson, 891 S.W.2d at 644; Lawson, 888 S.W.2d at 33. 
We will take all evidence favorable to the nonmovant as true. Id. As movant, the defendant
is entitled to summary judgment if the evidence disproves as a matter of law at least one
element of each of the plaintiff's causes of action. Lear Siegler, Inc. v. Perez, 819 S.W.2d
470, 471 (Tex. 1991); Marchal v. Webb, 859 S.W.2d 408, 412 (Tex. App.--Houston [1st
Dist.] 1993, writ denied). When the trial court specified the grounds relied on, we will affirm
the summary judgment if the theory relied on by the trial court is meritorious. See Cincinnati
Life Ins. Co. v. Cates, 927 S.W.2d 623, 625 (Tex. 1996). If necessary, we will also consider
other grounds that the movant preserved for review and that the trial court did not rule on in
the interest of judicial economy. Id. at 626; Lockheed Martin Corp. v. Gordon, 16 S.W.3d
127, 133 (Tex. App.--Houston [1st Dist.] 2000, pet. denied.)

Express Negligence Doctrine

 In granting Metro's summary judgment, the trial court relied on HL&P and stated
that an indemnity agreement "may not impose liability unless the agreement 'clearly and
specifically expresses the intent to encompass' the particular liability claim." In HL&P, the
court relied on the express negligence doctrine and held that "parties seeking to indemnify
an indemnitee against strict liability must expressly state that intent in their indemnity
agreement." The express negligence doctrine provides that a party seeking to indemnify an
indemnitee from consequences of its own negligence must express that intent in specific
terms. HL&P, 890 S.W.2d at 455 (emphasis added). However, the trial court's application
of the express negligence doctrine in the case before us is misplaced. Here, TxDOT was not
seeking indemnification for its own negligence, but rather, it was seeking to be indemnified
for Metro's negligence as agreed to in the indemnification clause of the Master Agreement. 
In the underlying cause, TxDOT was found not negligent, Metro was found grossly
negligent, and TxDOT was required to pay because the jury found that TxDOT and Metro
were engaged in a joint enterprise. 

 Metro relies on Fisk Electric Company v. Constructors and Associates and HL&P for
its claim that an indemnitee cannot recover for loss or liability that the terms of the indemnity
agreement do not clearly encompass. Fisk Elec. Co. v. Constructors and Assoc., 888 S.W.2d
813, 815 (Tex. 1994); HL&P, 890 S.W.2d at 458. Specifically, Metro contends that it is not
required to indemnify TxDOT for liability following a joint enterprise finding because joint
enterprise liability was not contemplated by the Master Agreement. However, Fisk (2) and
HL&P are both cases that deal with an indemnitee seeking recovery for actions arising out
of its own negligence and, therefore, are subject to the express negligence doctrine. The
express negligence doctrine would be relevant to this case only if TxDOT had been found
negligent by the jury and TxDOT was still seeking indemnity from Metro. Here, as we have
said, TxDOT is not seeking indemnification against the consequences of its own actions, but
it is seeking indemnification from Metro's negligence, as agreed to in the Master Agreement. 
Thus, Fisk and HL&P do not apply. We find that the trial court erred in granting Metro's
motion for summary judgment based on the specific grounds citing H L & P. 



Res judicata

 On appeal, Metro contends that it was entitled to summary judgment based on the
doctrine of res judicata-- claim that Metro also raised in its motion for summary judgment. 
 Here, even though the trial court granted the summary judgment on another ground, we will
consider the res judicata ground in the interest of judicial economy. See Cincinnati Life Ins.
Co. v. Cates, 927 S.W.2d at 623. In Able, the underlying lawsuit, TxDOT made a claim for
"full indemnity and/or contribution and/or credit from all parties, settled persons or
defendants." Where a defendant asserts a cross-claim against a co-party, the defendant and
co-defendant become adverse, and the principles of res judicata apply. Getty Oil Co. v. Ins.
Co. of N. Am., 794, 799 (Tex. 1992). The cross-claimant becomes a plaintiff for res judicata
purposes and is required to assert all claims against the cross-defendant arising from the same
subject matter of the original cross-claim. Id. An indemnitee who seeks the same relief
under a different theory in the earlier suit is barred by res judicata from maintaining a claim
against the indemnitor in a subsequent suit. Ingersoll-Rand Co. v. Valero Energy Corp., 997
S.W.2d 203, 207 (Tex. 1992).

 TxDOT claims that it is not barred by res judicata, and it relies on Ingersoll for
support. The Ingersoll court stated that res judicata does not bar a former defendant who
asserted no affirmative claim for relief in an earlier action from stating a claim in a later
action that could have been filed as a cross-claim or counterclaim in the earlier action, unless
the claim was compulsory in the earlier action. Ingersoll, 997 S.W.2d at 207 (emphasis
added). However, TxDOT did make a claim for affirmative relief in the underlying lawsuit,
and, therefore, Ingersoll does not apply. Furthermore, TxDOT argues that it originally made
a "general claim for contribution and indemnity" and here, it makes a claim for contractual
indemnity. However, an indemnitee who later seeks the same relief under a different theory
than in the earlier suit is barred by res judicata. See Ingersoll, 997 S.W.2d at 207. 
Therefore, we find that TxDOT's claim for indemnity is barred by res judicata.

 We affirm the trial court's order granting Metro's summary judgment due to our
finding that TxDOT is barred from recovery based on the doctrine of res judicata. We affirm. 



 Sam Nuchia

 Justice


Panel consists of Justices Cohen, Wilson, (3) and Nuchia

Do not publish. Tex. R. App. P. 47.



1. In Able, TxDOT was not granted indemnity, and it did not raise the issue of indemnity on
appeal. Later, TxDOT filed a separate suit seeking contractual indemnity, which is the case
before us. 
2. In Fisk, the indemnitee was seeking to be indemnified for attorney fees arising out of a
dispute in which the indemnitee had been accused of negligence. 
3. Justice Davie L. Wilson, who retired from the First Court of Appeals on March 31, 2002,
continues to sit by assignment for the disposition of this cause, which was submitted on
march 25, 2002.