Affirmed and Opinion filed October 11, 2007








Affirmed and Opinion filed October 11, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00532-CV

_______________

 

AYRES WELDING COMPANY, INC., Appellant

 

V.

 

CONOCO, INC., Appellee

                                                                                                                                               


On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 04-67947

                                                                                                                                                

 

O P I N I O N

In this contractual indemnity
dispute, Ayres Welding Company, Inc. (AAyres@) appeals a summary judgment entered
in favor of Conoco, Inc. (AConoco@) on the grounds that: (1) the indemnity agreement between
the parties does not obligate Ayres to indemnify Conoco for non-work related
injuries to an Ayres employee; (2) the indemnity agreement is unenforceable
because it fails the express negligence test; (3) fact issues preclude summary
judgment; and (4) the 1.7 million dollar judgment amount exceeds the
contractual cap.  We affirm.

 








                                                                   Background

Ayres and Conoco entered into a
contract (the Acontract@) for Ayres to perform welding and maintenance work for Conoco.  In 2001,
Tommy Joe Day, an Ayres employee, suffered serious injuries in a collision
while riding in a vehicle driven by a Conoco employee.  Day sued Conoco, Conoco
requested indemnity from Ayres under the contract=s indemnity provisions, but Ayres
declined.  Conoco thereafter settled Day=s claim for $1.7 million, and sued
Ayres for contractual indemnity.  Conoco and Ayres each moved for summary
judgment on the indemnity issue, and the trial court denied Ayres=s motion and granted Conoco=s.        Standard of Review

A traditional summary judgment may be
granted if the motion and summary judgment evidence show that there is no
genuine issue of material fact and the moving party is entitled to judgment as
a matter of law.  See Tex. R. Civ. P. 166a(c).  In reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant and indulge every reasonable
inference, and resolve any doubts, in the nonmovant's favor.  Sudan v. Sudan,
199 S.W.3d 291, 292 (Tex. 2006).  When both parties move for summary judgment
on the same issues and the trial court grants one motion and denies the other,
the reviewing court considers the summary judgment evidence presented by both
sides, determines all questions presented, and renders the judgment the trial
court should have rendered.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).

Scope of Indemnity Obligation

The relevant portions of the
indemnity provisions at issue state:

14.1 APPLICATION OF INDEMNITIES.
EXCEPT AS OTHERWISE PROVIDED IN THIS CONTRACT, ANY INDEMNIFICATION AND DEFENSE
OBLIGATION IN THIS CONTRACT APPLIES REGARDLESS OF (1) THE CAUSE OF OR REASON
FOR ANY COVERED LOSS OR LIABILITY; (2) THE SOLE, JOINT OR CONCURRENT NEGLIGENCE
OR OTHER FAULT, WHETHER ACTIVE OR PASSIVE, OF THE INDEMNIFIED PARTY; AND (3)
WHETHER THE LOSS OR LIABILITY RESULTS FROM ACTIONS OF [CONOCO], ITS AGENTS OR
EMPLOYEES. 








14.2 GENERAL INDEMNIFICATION.
[AYRES] shall INDEMNIFY AND HOLD [CONOCO] HARMLESS from loss or
liability . . .  arising from any claim or cause of action for . . . injury to
. . .  persons, caused by, arising from, or incidental to the Work.[1] 
However, such indemnification shall not apply to claims for . . . injury . .
. caused by [CONOCO=s] sole negligence. [AYRES=s]  indemnity obligations under this
provision shall be limited to $1,000,000 per occurrence . . . . 

14.4 EMPLOYEES OF [AYRES].
Notwithstanding anything to the contrary in this Contract, [AYRES] shall
INDEMNIFY AND HOLD [CONOCO] HARMLESS from any loss or liability . . .
arising from any claim or cause of action for injury to . . . [AYRES=s] employees.

(emphasis added).      

Ayres=s first issue asserts that although
section 14.4 obligates it to indemnify Conoco for an injury claim by an Ayres
employee, section 14.2 limits that obligation to matters Acaused by, arising from, or
incidental to@ the Awork.@  Ayres argues that the automobile accident was not caused by or
incidental to work under the contract because it occurred off the job site,
after working hours.

Conoco
argues that section 14.2 is the general indemnity provision, and that section
14.4, which follows it, provides an exception whereby Ayres must indemnify
Conoco for any damages or injuries sustained by an Ayres employee.  Conoco
asserts that section 14.4 overrides section 14.2 because section 14.4  states
that it applies notwithstanding anything to the contrary in the contract.








We construe indemnity agreements
under normal rules of contract construction.  Gulf Ins. Co. v. Burns Motors,
Inc., 22 S.W.3d 417, 423 (Tex. 2000).  Our primary goal is to ascertain and
give effect to the parties' intent as expressed in the contract.  Seagull
Energy E&P, Inc. v. Eland Energy, 207 S.W.3d 342, 345 (Tex. 2006).  To
discern the intent, we must examine the entire contract in an effort to
harmonize and give effect to all provisions so that none will be rendered
meaningless.  Id.  Additionally, contract terms are to be given their
plain, ordinary, and generally accepted meanings and the more specific
provisions of a contract will control over the general.  Dorsett, 164
S.W.3d at 662 (Tex. 2005); Forbau v. Aetna Life Ins. Co., 876 S.W.2d
132, 133B34 (Tex. 1994).

In this case, section 14.4 plainly
states that Ayres will indemnify Conoco for liability arising from injury to an
Ayres employee notwithstanding anything to the contrary in the contract, thus,
including section 14.2.  Because Ayres=s interpretation does not give effect
to this plain language, we are not at liberty to adopt it.  Accordingly, Ayres=s first issue is overruled.

Express Negligence Test

Ayres=s second issue argues that section
14.4 does not meet the express negligence test because an interpretation that
Conoco should be indemnified for its own negligence requires reading sections
14.4 and 14.1 together, even though neither refers to the other.  Ayres
contends that having to make inferences by piecing together different contract
provisions is a problem the express negligence test was adopted to prevent.

Conoco responds that multiple
provisions of the contract can be read together to meet the express negligence
test.  Conoco thus argues that when section 14.4 is read together with section
14.1, stating: 

EXCEPT AS OTHERWISE PROVIDED IN THIS CONTRACT, ANY
INDEMNIFICATION AND DEFENSE OBLIGATION IN THIS CONTRACT APPLIES REGARDLESS OF .
. . (2) THE SOLE, JOINT OR CONCURRENT NEGLIGENCE OR OTHER FAULT, WHETHER ACTIVE
OR PASSIVE, OF THE INDEMNIFIED PARTY . . . , 

 

the parties= intent for Ayres to indemnify Conoco
for its own negligence is clear, and the express negligence test is met. 








Because indemnification of a party
for its own negligence is an extraordinary shifting of risk, fair notice
requirements, including the express negligence doctrine and the conspicuousness
requirement,[2] apply to such
indemnity agreements.[3]  The express
negligence doctrine requires that an intent to indemnify a party from the
consequences of that party=s own negligence be expressed in specific terms within the
four corners of the contract.  See Gulf Ins. Co., 22 S.W.3d at 423; Dresser
Indus., Inc., 853 S.W.2d at 508.  The express negligence requirement is a
rule of contract interpretation and thus a question of law for the court.  Fisk
Elec. Co. v. Constructors & Assocs., Inc., 888 S.W.2d 813, 814 (Tex.
1994). 

The following language has been held
to meet the express negligence test: AOperator agrees to . . . indemnify,
and save Contractor harmless from and against all claims . . . without limit
and without regard to the cause or causes thereof or the negligence of any party
or parties . . . @ Maxus Exploration Co. v. Moran Bros. Inc., 817 S.W.2d
50, 57 (Tex. 1991).  The Texas Supreme Court has further held that A[a]n indemnity agreement need not be confined
to one sentence@ and that a contract, taken Aas a whole,@ can be sufficient to define the
parties= intent to indemnify a company for
that company=s own negligence.  Enserch Corp. v. Parker, 794 S.W.2d 2, 8 (Tex.
1990).  Therefore, a clause providing that a contractor will indemnify a
company for any claims, Aregardless of whether such claims

are founded in whole or in part upon
alleged negligence of [Company],@ also meets the test.  Id.       








In this case, although the express
negligence language in section 14.1 is not contained in section 14.4, which
provides Ayres=s indemnity obligation in this case,  the language, Aany indemnification . . . in this contract,@ found in section 14.1, unambiguously
refers to the claims or causes of action described in section 14.4.  Because
the contract, as a whole, is thus sufficient to demonstrate an intent that
Ayres indemnify Conoco for the consequences of Conoco=s own negligence, the express
negligence test is met.  Accordingly, Ayres=s second issue is overruled.      

Fact Issues and Indemnity Cap

Ayres=s third issue contends, in the
alternative, that fact issues precluded the summary judgment because: (1)
Conoco failed to establish that it was not solely negligent for Day=s injuries, as required for the
indemnity obligation to arise under section 14.2 of the contract; and (2) if
both its interpretation of the contract and Conoco=s interpretation are reasonable, the
contract is ambiguous.

Ambiguity in a contract does not
exist merely because the parties assert forceful and diametrically opposing
interpretations,[4] but only if
the contract language is susceptible to two or more reasonable interpretations. 
Seagull Energy, 207 S.W.3d at 345.  Whether a contract ambiguity exists
is a question of law for the court to decide.  In re D. Wilson Const. Co.,
196 S.W.3d at 781.

In this case, because Ayres=s interpretation of the provisions
would require ignoring the plain language in section 14.4, it is not a
reasonable interpretation that can render the contract ambiguous.  Similarly,
because we have concluded above that section 14.2 does not apply, Conoco was
not required to prove that it was not solely negligent under that section. 
Accordingly, Ayres=s third issue is overruled.








Ayres=s fourth issue asserts that even if
the contract requires Ayres to indemnify Conoco, section 14.2 limits the amount
of indemnity to $1 million dollars,[5] and the trial
court erred by exceeding this cap in the final judgment.  Again, however,
because section 14.2, which provides the indemnity cap on which Ayres relies,
is overridden by language of section 14.4 stating: ANotwithstanding anything to the
contrary in this contract, [Ayres] shall indemnify and hold [Conoco] harmless
from any loss or liability [i.e., without limitation] . . . arising from
any claim or cause of action for injury . . . of [Ayres=s] employees . . .@ (emphasis added), Ayres=s fourth issue is also without merit
and is overruled.  Accordingly, the judgment of the trial court is affirmed.

 

 

 

 

/s/        Richard H. Edelman

Senior Justice

 

Judgment rendered and Opinion filed
October 11, 2007.

Panel consists of Chief Justice
Hedges and Justices Fowler and Edelman.*









[1]           The Awork@ is defined in the contract as the welding and general
maintenance services and materials requested by Conoco and provided by Ayres.





[2]           The conspicuousness requirement, which is
not in issue in this case, mandates Athat
something must appear on the face of the [contract] to attract the attention of
a reasonable person when he looks at it.@  Dresser
Indus., Inc. v. Page Petroleum, Inc., 853 S.W.2d 505, 508 (Tex. 1993). 





[3]           Id. The fair notice requirements are
not applicable when the indemnitee establishes that the indemnitor possessed
actual notice or knowledge of the indemnity agreement.  Id. at 508 n.2. 
However, because actual notice was not asserted in Conoco=s motion for summary judgment, we do not address it. 





[4]           In re D. Wilson Constr. Co., 196
S.W.3d 774, 781 (Tex. 2006)





[5]           For this contention, Ayres relies on the
language in section 14.2 that states, A[AYRES=S] indemnity obligations under this provision shall be
limited to $1,000,000 per occurrence.@ 





*           Senior Justice Richard H. Edelman, sitting
by assignment.