**REVERSE and RENDER; REMAND and Opinion Filed May 11, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00466-CV**

**NCH CORPORATION AND RPG INNOVATIONS, LLC, Appellants**
**V.**
**ESI/EMPLOYEE SOLUTIONS, LP AND EMPLOYEE SOLUTIONS**
**ARLINGTON, LLC, Appellees**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-04977-2018**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Smith
Opinion by Justice Smith

This appeal comes before us on competing motions for summary judgment regarding the enforceability of an indemnity agreement between appellants NCH Corporation and RPG Innovations, LLC, and appellees ESI/Employee Solutions, LP (ES) and Employee Solutions Arlington, LLC (ES Arlington). For the reasons discussed below, we reverse the trial court's judgment ordering appellants to indemnify appellees.

**Factual and Procedural Background**

ES provides industrial custom staffing services in Texas, and is the parent company of eight LLCs, including ES Arlington. ES is also ES Arlington's sole member. NCH is the parent company of RPG, and RPG produces, sources, and distributes retail products.

On August 29, 2008, ES Arlington and RPG entered into an agreement for supplemental staffing.[1] Timothy Price began working for ES Arlington on September 20, 2017, and was assigned to work as a general worker at RPG's warehouse. At the time Price was assigned to RPG, he was neither a certified forklift operator, nor certified by the Occupational Safety and Health Administration (OSHA) under its Powered Industrial Truck Standard, which required site-specific training and instruction.

ES Arlington's safety coordinator scheduled Price for forklift certification testing on September 28; however, Price failed the certification test because he hit a rack and broke a pallet. Despite failing the test, on October 2, Price operated a forklift without supervision. While he was placing pallets in the warehouse, he stepped off the forklift while it was still in motion and suffered severe injuries. He required multiple surgeries during his month-long hospital stay, plus extensive pain management and physical therapy.

---

[1] It is undisputed that ES Arlington and RPG were parties to the staffing agreement. However, the parties dispute whether ES and NCH were bound by the agreement. Based upon our disposition discussed below, it is not necessary for us to resolve this issue on appeal.

In 2019, Price sued ES Arlington, RPG, and other entities related to RPG, and asserted negligence claims against each party. During litigation, Price learned he was covered under RPG's workers' compensation policy and was subsequently paid benefits under that policy. As a result, Price nonsuited his claims against RPG.

ES brought this suit against appellants on September 24, 2018, prior to Price filing his negligence suit, and sought declaratory relief as to whether appellants were obligated to indemnify, defend, and hold ES harmless for any claims and obligations arising out of Price's injury on October 2, 2017. ES also alleged appellants breached the August 2008 staffing contract by refusing to indemnify, defend, and hold ES harmless. ES Arlington joined ES's suit against appellants on January 13, 2021.

Through competing motions for summary judgment and subsequent responses, the parties disputed whether the indemnity agreement was enforceable. Appellants argued that it was not because appellees were seeking indemnification for their own negligence and the agreement did not comply with the express negligence test. Appellees argued that the express negligence test did not apply because they were not seeking indemnification for their own negligence. They asserted that Price's pleadings and the undisputed evidence demonstrated that RPG was the sole cause of Price's alleged injuries.

The trial court granted appellees' first amended motion for summary judgment on March 23, 2021, and denied appellants' motion for summary judgment on March 24, 2021. The trial court ordered appellants to indemnify appellees for all

–3–

attorney's fees, expenses, jury verdicts, arbitration awards, or settlement agreements incurred by appellees in Price's suit. The trial court further ordered appellants to indemnify appellees for medical and wage indemnity benefits paid pursuant to an employee benefit plan and for any and all future costs arising out of the October 2 injury. This appeal followed.

## Summary Judgment Standard of Review

We review a summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019). A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact. *Lujan*, 555 S.W.3d at 84. We take evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019).

When we review cross-motions for summary judgment, where the trial court has granted one motion and denied the other, we determine all questions presented in both motions and render the judgment the trial court should have rendered. *Odyssey 2020 Acad., Inc. v. Galveston Cent. Appraisal Dist.*, 624 S.W.3d 535, 540 (Tex. 2021).

## Express Negligence Test

In their first issue, appellants argue the trial court erred in ordering them to indemnify appellees because the indemnity provision does not meet the express negligence test and is therefore unenforceable. Appellees respond they were not seeking indemnification for their own negligence and, therefore, the express negligence test does not apply.

In *Ethyl Corp. v. Daniel Construction Co.*, the Supreme Court of Texas adopted the express negligence test for determining whether the parties to an indemnity contract intended to indemnify the indemnitee from its own negligence. 725 S.W.2d 705, 706, 708 (Tex. 1987). The express negligence test provides that such intent of the parties must be expressed in specific terms and must be stated within the four corners of the contract. *Id.* at 708. The parties agree that the indemnity agreement at issue here does not meet the requirements of the express negligence test. However, the parties disagree as to whether appellees are seeking indemnification from their own negligence or from appellants' negligence and, thus, whether the express negligence test should apply at all.

Appellants argue that Price has clearly made a claim of negligence against appellees and, thus, at least in part, appellees are seeking indemnity for their own negligence. "Indemnitees seeking indemnity for the consequences of their own negligence which proximately causes injury jointly and concurrently with the

indemnitor's negligence must also meet the express negligence test." *Ethyl*, 725 S.W.2d at 708.

Appellees maintain that the factual basis for the incident is the exact factual scenario contemplated by the parties in the indemnity agreement—RPG instructed Price to operate the forklift when he was not certified to do so, and he was injured as a result. Appellees also argue that they could not have provided RPG with an employee who was pre-certified by OSHA because OSHA required that certification be completed on the job site; thus, regardless of Price's legal allegations, they could not and were not negligent in causing his injuries.

The indemnity agreement defined "Client" as "Retail Products Group – NCH Corporation" and "Employee Solutions" as ES Arlington. It provided in relevant part:

> Client will provide suitable work environment for the employees provided by Employee Solutions in compliance with all state and federal laws governing occupational health and safety (29 CFR 1920-1926). *Client agrees that the employees provided by Employee Solutions will not operate any powered motor vehicle for Client unless previously certified to meet OSHA's Powered Industrial Truck Standard* . . . and if employee does so, Client accepts full responsibility for actions of or actions by instruction of, its employees or supervisors. Client hereby agrees to indemnify, defend and hold harmless Employee Solutions from and against all claims, suits, expenses, attorney fees, obligations and liabilities based upon or arising out of, any bodily injury . . . arising therefrom, unless otherwise agreed to in writing by Employee Solutions.

(emphasis added).

As stated above, the trial court ordered appellants to indemnify appellees for all attorney's fees, expenses, judgments, and other costs incurred in Price's pending suit and also for medical and wage indemnity benefits paid pursuant to "Employee Solutions Employee Injury Benefit Plan." As to whether the express negligence test applies when a party seeks indemnification for attorney's fees and costs incurred in an underlying lawsuit, we find *Fisk Electric Co. v. Constructors & Assocs. Inc.*, 888 S.W.2d 813 (Tex. 1994), to be instructive. In *Fisk*, the supreme court held that the determination of whether an indemnitee was seeking indemnity from its own negligence or the indemnitor's negligence did not depend on the outcome of the underlying suit but, instead, was established as a matter of law from the pleadings. *Fisk Elec. Co.*, 888 S.W.2d at 815. "Without an express reference in the indemnification provision to claims based upon negligence, there is no indemnity for defense costs incurred in connection with a negligence claim irrespective of whether the claim is ultimately proved." *Id.* at 815–16.

Here, Price brought suit against ES Arlington alleging it was negligent in evaluating or failing to evaluate Price's lack of experience, qualifications, knowledge, expertise, certifications, and licensure in the operation of forklifts and in referring and sending Price to work at RPG when it knew or should have known that Price was not qualified, licensed, or certified to operate a forklift in general, and a standup forklift, in particular. Additionally, Price alleged in his third amended petition that ES Arlington did not tell him that the position at RPG was for a

"reachlift" operator. He assumed the position was for a "sitdown" forklift operator. Price claimed he never represented to ES Arlington that he was qualified or had experience in operating a reach forklift; he advised ES Arlington that he had experience as a sitdown forklift operator. Price further alleged that ES Arlington led RPG to believe that Price was qualified by creating and perpetuating a false narrative regarding his qualifications. Price also asserted that ES Arlington was negligent in terminating its employee benefit plan, not assuring Price received the medical care to which he was entitled, not notifying Price that he was covered under RPG's workers' compensation plan, not ensuring RPG knew Price was covered, and not ensuring RPG notified him of the coverage.

These specific claims are clearly claims of negligence against ES Arlington, not RPG. Appellees urge us to focus on the facts regarding the origin of the damages, rather than on the legal theories alleged by Price and cite to *English v. BGP Int'l, Inc.*, 174 S.W.3d 366, 372–375 (Tex. App.—Houston [14th Dist.] 2005, no pet.), for support. But the facts that show the origin of the damages alleged by Price are facts relating to both RPG's and ES Arlington's conduct. Price does not allege that his injury occurred solely because RPG instructed him to drive the forklift when he was not certified. While that is certainly part of the equation, Price also asserts that, prior to RPG instructing Price to operate the forklift when he was not OSHA certified, ES Arlington did not properly evaluate his qualifications, told RPG he had experience as a reachlift operator when he did not, never told Price he was being

sent for a reachlift operator position, and sent Price to RPG knowing he was not qualified. These factual assertions relate directly to ES Arlington's activities prior to Price working at RPG and form the basis of Price's suit against ES Arlington. *See MRO Sw., Inc. v. Target Corp.*, No. 04-07-00078-CV, 2007 WL 4403912, at \*3 (Tex. App.—San Antonio, pet. denied) (mem. op.) (relying on proposition in *English* to focus on the facts alleged in determining whether a duty to defend arises under an indemnity agreement and concluding that the facts alleged claims arising out of indemnitee's activities, not indemnitor's). Therefore, we reject appellees' argument that the express negligence test does not apply to the attorney's fees, expenses, and other costs incurred in defending against Price's suit. *See Gilbane Bldg. Co. v. Keystone Structural Concrete, Ltd.*, 263 S.W.3d 291, 296–98 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (rejecting indemnitee's argument that the express negligence test did not apply because it was not seeking to be indemnified for its own negligence, even though it was the only party sued, and that it, instead, was seeking to be indemnified for the indemnitor's negligence, which it could establish was the cause of the injury).

To the extent appellees are seeking indemnification from costs other than those attributed to defending against Price's negligence suit against ES Arlington, such as the medical and wage indemnity benefits, appellees failed to conclusively establish that such costs were not based on their own negligence and that the indemnification agreement was enforceable. *See Lowe v. Republic Am. Life Ins. Co.*,

No. 05-98-02114-CV, 2002 WL 1139941, at *3 (Tex. App.—Dallas May 31, 2002, pet. denied) (mem. op.) (concluding summary judgment evidence did not establish whether indemnitee settled suit based on its own negligence or that of the indemnitors' sub-agents and, thus, indemnitee did not establish it was entitled to judgment as a matter of law because the indemnity provision would not apply if settlement was based on its own negligence). In fact, neither party offered summary judgment evidence as to when or why these benefits were paid or whether ES or ES Arlington paid them. There is no evidence in the summary judgment record that the medical and wage indemnity benefits were paid in conjunction with the underlying suit, which like the attorney's fees and other costs incurred in the underlying suit would require application of the express negligence test. Therefore, appellants likewise failed to establish they were entitled to summary judgment as a matter of law on appellees' indemnification claims regarding the medical and wage indemnity benefits.

We conclude that the trial court erred in granting summary judgment in favor of appellees and erred in ordering appellants to indemnify appellees for medical and wage indemnity benefits and all attorney's fees, expenses, judgments, and other costs incurred in Price's pending suit as identified in paragraphs (a) through (e) in the trial court's June 17, 2021 order. We further conclude that the trial court erred in denying appellants' motion for summary judgment in that appellants conclusively established that the express negligence test applied and was not met as to appellees'

–10–

claims for indemnification of attorney's fees, expenses, and other costs incurred in Price's lawsuit.  We sustain appellants' first issue on appeal.

Based on our disposition of appellants' first issue, it is unnecessary for us to review appellants' alternative issue regarding whether appellees met their summary judgment burden to conclusively establish the amount of damages and the proper parties to the indemnity agreement.  *See* TEX. R. APP. P. 47.1.

### Conclusion

We reverse the trial court's orders granting appellees' first amended motion for summary judgment and denying appellants' motion for summary judgment.  We render judgment in favor of appellants and order that appellees take nothing as to their claims for indemnification of attorney's fees, expenses, and other costs incurred in Price's lawsuit.  As to appellees' remaining indemnification claims, we remand to the trial court for further proceedings consistent with this opinion.

/Craig Smith/
CRAIG SMITH
JUSTICE

210466F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NCH CORPORATION AND RPG
INNOVATIONS, LLC, Appellants


No. 05-21-00466-CV     V.


ESI/EMPLOYEE SOLUTIONS, LP
AND EMPLOYEE SOLUTIONS
ARLINGTON, LLC, Appellees

On Appeal from the 366th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 366-04977-
2018.
Opinion delivered by Justice Smith.
Justices Schenck and Molberg
participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED,** and a take-nothing judgment is **RENDERED** against appellees ESI/EMPLOYEE SOLUTIONS, LP AND EMPLOYEE SOLUTIONS ARLINGTON, LLC as to their claims for indemnification of attorney's fees, expenses, and other costs incurred in the underlying lawsuit. Appellees' remaining claims are **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered this 11th day of May 2022.